UNITED STATES DISTRICT COURT  FILED

SOUTHERN DISTRICT OF CALIFORNIA  08 SEP -2 AM 10:16

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

DEPUTY

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**Edgar Ernesto SANCHEZ-Estrada**<br><br>Defendant. | Magistrate Case No._____<br><br>COMPLAINT FOR VIOLATION OF<br><br>Title 18, U.S.C., Section 1326<br>Deported Alien Found In the United States<br><br>**'08 MJ 2676** |

The undersigned complainant, being duly sworn, states:

On or about **August 29, 2008**, within the Southern District of California, **Edgar Ernesto SANCHEZ-Estrada**, an alien, who previously had been excluded, deported and removed from the United States to Mexico, was found in the United States, without the Attorney General of United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Section 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

_____
Alfredo Loperena, Enforcement Officer
U.S. Customs and Border Protection

Sworn to before me and subscribed in my presence, this **2nd** day of **September, 2008.**

_____
UNITED STATES MAGISTRATE JUDGE

DOA 08/29/08

## PROBABLE CAUSE STATEMENT

I, United States Customs and Border Protection (CBP) Enforcement Officer Sergio Barron, declare under penalty of perjury the following to be true and correct:

On August 29, 2008 at approximately 0500 hours, **Edgar Ernesto SANCHEZ-Estrada (Defendant)** was found in the United States at the Otay Mesa, California Port of Entry Cargo Facility. A Customs and Border Protection (CBP) officer manning the watch on Roll Drive near the pedestrian exit heard someone calling out from the other side of the fence of the Otay Mesa East Cargo gate. The CBP officer was able to see Defendant through a small opening of a gated door. The CBP officer asked Defendant how he got in the courtyard and Defendant responded he had climbed over the fence. Defendant told the CBP officer he was in danger and could not go back to Mexico because he would be killed. Defendant gave the CBP officer his Mexican electoral card through an opening in the fence. The CBP officer called for assistance on his handheld radio and several CBP officers responded to the scene.

CBP officers opened the gate to gain access to the triangular shaped courtyard and escorted Defendant to the Otay Mesa Port Enforcement Team office for further investigation. CBP Officers discovered a claw hammer hooked on the outside of the chain link fence about five feet from the ground and a small sledge hammer lying on the ground outside of the fence. The triangular shaped courtyard is surrounded by barb wire and barb wire area above both hammers showed signs of tampering. It appeared it had been flattened down sufficiently to climb over.

In the Otay Mesa Port Enforcement Team office, Defendant was queried by fingerprint and photograph through the Automated Biometric Identification System (IDENT). IDENT returned a match to the query, identifying Defendant as a citizen of Mexico and a previously deported alien. Defendant's identity was verified by 10-digit fingerprint submission through the Integrated Automated Fingerprint Identification System (IAFIS). IAFIS linked Defendant to FBI and Immigration service Records.

Further queries using the Immigration Central Index System (CIS) and the Enforce Alien Removal Module (EARM) confirmed Defendant is a citizen of Mexico with no legal documents to enter the United States. EARM queries and immigration service records indicate Defendant was deported from the United States by an immigration judge on or about November 28, 1997. The Immigration Judge's deportations were ordered reinstated on or about February 25, 2002. Defendant received an administrative removal on January 1, 2006. Immigration service records also indicated no evidence that Defendant has applied for, nor received permission from the Attorney General of the United States, or his designated successor, the Secretary of the Department of Homeland Security to legally re-enter the United States.

During a videotaped proceeding, Defendant was advised of his Miranda rights. Defendant acknowledged his rights and agreed to answer questions without the benefit of counsel. During a subsequent interview, Defendant admitted he is a citizen of Mexico by birth in Guadalajara, Jalisco, Mexico. Defendant admitted he has no document or other benefit that would permit his legal entry into the United States. Defendant admitted he has been ordered deported and removed from the United States to Mexico. Defendant admitted he has not applied for or received permission to re-enter the United States.

**Continued on page 2**

1

**Continuation of Probable Cause Statement**
**RE: Edgar Ernesto SANCHEZ-Estrada**

Defendant stated he made a spur of the moment decision to enter the United States by attempting to climb over a fence at the Otay Mesa Port of Entry. Defendant stated he was told by the judge if he were to be apprehended again in the United States, he would be facing a significant amount of time in prison. Defendant stated he intended on traveling to Los Angeles, California even though he did not have money or the transportation to travel to his destination.

Executed on this **29th** day of **August 2008** at 1400 hours.

_____
S. Barron / CBP Enforcement Officer

On the basis of the facts presented in the Probable Cause Statement consisting of (2) page, I find probable cause to believe that the defendant named therein committed the offense on **August 29, 2008** in violation of Title 8, United States Code, Section 1326.

_____        8/30/08 - 1950 AM
MAGISTRATE JUDGE                                 DATE / TIME

2